# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

In re:  }
Judy L. Pritchett,  }  CASE NO.   06-40077–JJR-13
  }
  Debtor.  }  CHAPTER: 13
  }

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO RECONSIDER

Capital One Bank filed a proof of claim for an unpaid credit card account in the amount of $9,236.99 (Claim No. 1). The Debtor objected to the claim on the grounds that it was barred by the statute of limitations.[1] Under Alabama law the statute of limitations for an account stated is six years, and for an open account the statute of limitations is three years. Ala. Code §§ 6-2-34(5) and 37(1) (1975). If Capital One's claim is an open account, the objection is due to sustained and the claim disallowed; if it is an account stated, it should be allowed.

In a previous Order entered September 7, 2006 (Doc. No. 103), the Court found Capital One's claim was based on an account stated, overruled the Debtor's objection and allowed the

---

[1] The Debtor makes no serious argument that Capital One's claim does not represent charges she made for purchases or cash advances on her credit card plus fees and interest due under the account contract. The Debtor scheduled the Capital One debt in her schedules for $8,945.31, and Capital One's proof of claim was for $9,236.99. Though the Debtor checked the "contingent," "unliquidated" and "disputed" blocks beside the description of this claim, she did the same with respect to all of her secured and unsecured debts shown in her Schedules. The Court cannot fathom that all claims, without exception, scheduled by this Debtor are subject to all three defenses of being contingent, unliquidated and disputed. Routinely and arbitrarily checking these blocks for all claims listed on the schedules leads the Court to find the Debtor has no basis to believe any of these defenses are being seriously asserted. For the reasons stated in its previous Order overruling Debtor's objection to claim and based on the arguments made in the Debtor's motion to reconsider, the only issues now before the Court are whether this debt was an account stated or an open account and whether it is barred by the expiration of the applicable statute of limitations; not whether the claim of Capital One represents a debt actually incurred by and otherwise owing by the Debtor.

claim.  The Debtor has now filed a motion (Doc. No. 110) asking the Court to reconsider its previous Order.  The Debtor's motion argues that the Court erred by finding the claim was based on an account stated rather than an open account.  The Debtor cites <u>Ayers v. Cavalry SVP I, LLC</u>, 876 So. 2d 474 (Ala. Civ. App. 2003) as authority for her position that Capital One's claim is an open account.  Specifically, the Debtor argues that a critical element for the establishing an account stated is missing from the facts underlying Capital One's claim:  "the fact of mailing of [sic] a rendered account." (Debtor's motion).

      The Court agrees with the Debtor that <u>Ayers v. Cavalry</u> provides an accurate description of the three elements needed under Alabama law for the creation of an account stated:  (1) a statement of the account must be balanced and rendered to the Debtor; (2) there must be a meeting of the minds as to the correctness of the statement, and (3) there must be an admission of liability by the Debtor.  "The debtor's admission to correctness of the statement and to his liability thereon can be express or implied.  An account rendered, and not objected to within a reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account." <u>University of South Alabama v. Bracy</u>, 466 So. 2d 148,150 (Ala. Civ. App. 1985).  Thus, the second and third elements can be implied if the debtor fails to object within a reasonable time after the account statement is rendered.

      An account is rendered when it is presented to the account debtor.  <u>Yarbrough v. Armour & Co.</u>, 15 So. 2d 281 (Ala. App. 1943).  Mailing a statement of an account is one way of rendering, or presenting, the account to a debtor.  However, the method of presentation is not what is important, as long as the account is rendered.  In the instant case, Debtor Pritchett acknowledged receiving account statements from Capital One.  She testified that she received the last account statement in the summer of 2003, approximately 3 ½ years before she filed her

chapter 13 petition. Unlike the debtor in <u>Ayers</u>, Debtor Pritchett admits receiving an account statement. The Court assumes the statement was rendered to Pritchett through the mails, but because Debtor Pritchett admits receiving the statement, there is no issue of whether there was a rendering of the statement of account.

Although the Debtor admits receiving a statement of account 3 ½ years ago, she offered no testimony or other evidence that she ever objected to the account balance shown on the statement. She last used the charge card 4 ½ to 5 years ago and made her last payment to Capital One approximately 4 ½ years ago. All of these events took place within six years of the Debtor's bankruptcy filing.

In her motion, Debtor Pritchett also argues, "[t]he sending of a monthly statement, showing charges to the account for over limit fees and accruing finance charges is nowhere near the same as a 'balanced' account, such as is contemplated in the definition of account stated. An account balanced is an itemized account not just a total." The Court is not sure it understands the argument being made by the Debtor. When the Debtor testified that she received statements from Capital One with respect to her charge card account, the Court interpreted her reference to "statements" as those customarily rendered by issuers of charge cards to their account customers. If the "statements" the Debtor admitted receiving did not contain the information that one would reasonably expect to find in a periodic statement issued for a charge card account, then the Debtor should have explained why the ordinary interpretation given such language or terms (i.e. charge/credit card statement) was not applicable.[2]

---

[2] Paragraph 4 of the Official Comment to Ala. Code § 7-1-303 (Alabama's UCC), provides some insight for interpreting language describing financial transactions: "The language used is to be interpreted as meaning what it may fairly be expected to mean to parties involved in the particular commercial transaction in a given locality or in a given vocation or trade." The Court adopts a customary definition of the term "statement" when used in the context of a charge/credit card transaction and

Applying the common or customary interpretation to the Debtor's testimony with respect to account statements she received, leads the Court to presume each statement contained an itemization of the charges (i.e. purchases and cash advances) posted to the Debtor's account since the last statement, payments and other credits reducing the account balance, any carryover balance from the last statement, plus fees and interest, and a total amount due. The Court does not know how much more of an itemization could be given. If the statements received by the Debtor were something other than the usual statements sent out by credit card companies, the Debtor should have so testified.

When the Debtor received statements from Capital One, the account was rendered, and the lack of any objection implied the Debtor's agreement that the account balance as rendered was correct and constituted her liability. Thus, the Court finds Capital One's claim is an account stated and is not barred by the six year statute of limitations.[3]

---

presumes the statement included an itemization of transactions and the balance due. The account debtor can rebut the presumption, but she did not in this case.

[3] Other than its proof of claim, no other appearance was made by Capital One. Under Bankruptcy Rule 3001(f), a proof of claim is prima facie evidence of the validity and amount of the claim. It would be overly burdensome to require a credit card company, as a condition to obtaining prima facie validity for its proof of claim, to attach thereto a duplicate or copy of the memorialization for each transaction covered by the proof of claim; a summary, such as that attached to Capital One's proof of claim, is sufficient. In re Cluff, 313 R.R. 323 (Bkrtcy.D.Utah 2004). Generally, unsupported pleadings by the debtor objecting to the claim or denying that it is due are, without more, insufficient to overcome this prima facie evidence. However, objections raising only legal issues may be sufficient to rebut the presumptive validity of a proof of claim. In re Broadband Wireless Intern. Corp., 295 B.R. 140 (10th Cir. BAP 2003). In any event, when a creditor fails to actively defend its claim against an objection, a bankruptcy court is faced with the issue of how aggressive it should be in eliciting evidence that supports the absent creditor's claim. This opinion does not attempt to resolve that issue. However, this Court will continue to be an active participant in evidentiary hearings on objections to claims that are not defended by the creditor. At these ex parte hearings (where the creditor chooses not to appear), the Court will attempt to expose at least the uncontested facts supporting a creditor's claim, but at the same time not assume the role of the absent creditor's counsel. From this Court's experience, it recognizes most creditors do not actively defend objections to their claims. Without some minimal inquiry into the facts supporting a claim, virtually all objections would be summarily sustained. No doubt, the historical recovery experienced by unsecured creditors in consumer bankruptcy cases is so minimal that the expense of employing counsel to defend objections to their claims is not practical. While that problem is

Accordingly, based on the foregoing findings of fact and conclusions of law, as well as those stated on the record during the hearings of this matter, and those contained in the Court's previous Order signed September 7, 2006, the Debtor's motion to reconsider is overruled and the Court's previous Order entered September 7, 2006 overruling the objection to Capital One's claim and allowing such claim, will stand. A separate judgment reflecting the foregoing opinion will be entered pursuant to Bankruptcy Rule 9021.

Dated: October 26, 2006

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

not something this Court will attempt to resolve or mitigate, this Court does have an interest, if not a duty, to insure a minimum level of justice is afforded to all parties that come before it, even if the appearance is only through the filing of a simple proof of claim.